Darryl T. COGGINS, Plaintiff–Appellee,

v.

Craig BUONORA, Police Officer, in his individual and official capacity, Defendant–Cross–Claimant–Appellant,

County of Nassau, Defendant–Cross–Defendant,

Nassau County Police Department, James Vara, Police Officer, in his individual and official capacity and John Does 1–10, in their individual and official capacity, Defendants.

No. 08–3389–cv.

United States Court of Appeals, Second Circuit.

Jan. 28, 2010.

Frederick K. Brewington (Scott A. Korenbaum, on the brief), Hempstead, N.Y., for Plaintiff–Appellee.

Laurence Jeffrey Weingard, New York, N.Y., for Defendant–Cross–Claimant Appellant.

Present: WALKER, ROBERT A. KATZMANN, Circuit Judges, DENISE COTE, District Judge.[*]

## SUMMARY ORDER

Defendant-cross-claimant-appellant Craig Buonora appeals from a memorandum and order of the United States District Court for the Eastern District of New York (Bianco, *J.*) dated June 20, 2008, 2008 WL 2522501, insofar as it denied his motion to dismiss and motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Ordinarily, there is no final judgment where the district court denies a motion to dismiss or a motion for summary judgment. However, where, as here, the appeal of those denials is premised on the defendant's entitlement to absolute immunity, we have jurisdiction "to the extent that the rejection [of the absolute immunity defense] turned on an issue of law." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir.2005).

■ Buonora appeals the district court's denial of his motion to dismiss, arguing that he is entitled to absolute immunity from claims arising out of the perjured testimony he provided to the grand jury in the criminal case against plaintiff-appellee Darryl Coggins. In this Circuit, however, absolute immunity does not extend to allegations of conspiracy to present false testimony. *See Dory v. Ryan,* 25 F.3d 81, 84 (2d Cir.1994); *San Filippo v. U.S. Trust Co. of N.Y.,* 737 F.2d 246, 255 (2d Cir.

1984). Although Buonora asks that we overrule these precedents, this panel is bound by those decisions. *See, e.g., United States v. Frias,* 521 F.3d 229, 232 n. 3 (2d Cir.2008). Accordingly, we affirm this aspect of the district court's decision.

■ Buonora also challenges the district court's decision that it could not determine, based on the record before it, whether Buonora was a complaining witness who would not be entitled to absolute immunity. Absent a more developed record of undisputed facts, we are unable to determine as a matter of law that Buonora was not a complaining witness. Consequently, we lack jurisdiction to consider this issue. *See White v. Frank,* 855 F.2d 956, 962 (2d Cir.1988).

We have considered all of Buonora's remaining arguments and find them to be without merit. Accordingly, insofar as Buonora challenges the district court's decision that it could not determine whether Buonora was a complaining witness, we lack jurisdiction, and the appeal is **DISMISSED**. As to the district court's decision that Buonora is not entitled to absolute immunity because of the extra-judicial conspiracy exception, the judgment of the district court is hereby **AFFIRMED**. We **REMAND** the case for further proceedings.

---

[*] The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.